95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ciro A. GARCIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3711.
 United States Court of Appeals, Federal Circuit.
 Aug. 9, 1996.
 
 Before CLEVENGER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Ciro A. Garcia petitions for review of the June 15, 1995, decision of the Merit Systems Protection Board (MSPB or board), Docket No. DC-0831-95-0145-I-1, which dismissed his appeal from the reconsideration decision of the Office of Personnel Management's (OPM) determination that he is not entitled to an annuity under the Civil Service Retirement System (CSRS) upon the ground that his appeal was untimely filed. We affirm.
 
 DISCUSSION
 
 2
 Petitioner worked for the Panama Canal Company at various times between November 19, 1943, and February 20, 1996, but was covered by the CSRS only from October 5, 1958, through February 20, 1966. He applied for a refund of his retirement deductions on or about April 18, 1966, and received a refund of $747.07 a few days later.
 
 
 3
 Thereafter, he again worked for the Panama Canal Company from May 2, 1967, through June 30, 1970, but was not covered by CSRS during this period. He worked for the United States Army from September 18, 1972, through March 8, 1985, but this employment was not covered by CSRS.
 
 
 4
 On February 14, 1991, petitioner applied for retirement under the CSRS. By initial decision of November 1, 1991, OPM denied his application stating that by withdrawing his civil service contributions he forfeited all rights to an annuity. By a reconsideration opinion dated February 10, 1992, OPM stated that because petitioner was not at that time employed by the government, and because he had received a refund of his retirement benefits, he was not entitled to an annuity nor eligible to redeposit into the retirement fund. He was notified by the OPM that he had only twenty-five days to appeal to the MSPB, if he desired to do so. However, he waited thirty-two months before he filed an appeal with the board. The board gave him an opportunity to show good cause for the delay, but he did not do so. The board dismissed his appeal in an initial decision dated March 17, 1995, because of his untimely filing. He filed a petition for review which was denied by the full board on June 15, 1995, and the initial decision became the final opinion of the board in accordance with 5 C.F.R. § 1201.115(b).
 
 
 5
 It is well established both by statute and by decided cases that the board's decision must be affirmed unless it is found to be:
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. § 7703(c); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987); and Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 10
 We conclude that the decision of the board was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with law. Accordingly, we find no error in the board's decision, and it is affirmed.